IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

      Plaintiff,                  No. 2:11-cv-0021-KJM-JFM

  vs.

GODWIN ONA,

      Defendant.            FINDINGS & RECOMMENDATIONS

         Pending before the court is defendant's motion to dismiss. Plaintiff opposes the motion. Upon review of the motion and the documents in support and opposition, and good cause appearing therefor, THE COURT MAKES THE FOLLOWING FINDINGS:

PROCEDURAL BACKGROUND

         Defendant is the owner of Royal Gardens Apartments located at 3040 Howe Avenue, Sacramento, California. Plaintiff initiated this action on January 3, 2011, alleging that, as a person with a disability, he is unable to access the leasing office of the Royal Gardens Apartments in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., and the California Unruh Civil Rights Act.

         Following three stipulations for extension of time, defendant filed an answer and counterclaim on May 16, 2011. On June 19, 2011, plaintiff filed a notice of settlement. On August 16, 2011, defendant filed the instant motion to dismiss. On August 18, 2011, plaintiff

1

Case 2:11-cv-00021-KJM -JFM   Document 23   Filed 11/08/11   Page 2 of 5

filed a request to withdraw the notice of settlement and, on August 19, 2011, filed an opposition to the motion to dismiss. Finally, on August 27, 2011, plaintiff filed an answer to the counterclaim.

STANDARD FOR A MOTION TO DISMISS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1974 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

The court is permitted to consider material properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not contested and the complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Matters of public record include pleadings and other papers filed with a court. Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

/////

/////

filed a request to withdraw the notice of settlement and, on August 19, 2011, filed an opposition to the motion to dismiss. Finally, on August 27, 2011, plaintiff filed an answer to the counterclaim.

STANDARD FOR A MOTION TO DISMISS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1974 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

The court is permitted to consider material properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not contested and the complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Matters of public record include pleadings and other papers filed with a court. Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

/////

/////

DISCUSSION

Defendant seeks dismissal of the complaint on the grounds that it lacks merit and is "wast[ing] the tax payers money."

A.   Ground One

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).  Discrimination includes "a failure to remove architectural barriers ... in existing facilities ... where such removal is readily achievable ." Id. § 12182(b)(2)(A)(iv).  Under the ADA, the term readily achievable means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007).  Further, "[t]o succeed on a ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." Parr v. L & L Drive-Inn Rest., 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

Here, plaintiff alleges (1) that he is disabled, Compl. ¶ 1; (2) that the leasing office within the Royal Gardens Apartments is a place of public accommodation, id. ¶ 2; (3) that plaintiff was denied access to the leasing office because of plaintiff's disability, id. ¶ 4; and (4) that defendant's business has architectural barriers (lack of disabled parking space, inaccessible route, inaccessible entrance, lack of accessibility signage and striping), id.  Additionally, plaintiff

3

1   alleges that these architectural barriers are readily removable.  Id. ¶ 4.  His complaint also
2   specifically states that he seeks injunctive relief to remove all barriers to access which are readily
3   achievable"  Id. ¶ 4.  Thus, the court finds that plaintiff's first cause of action states a claim
4   under the ADA.
5         Furthermore, the Unruh Civil Rights Act provides: "All persons within the
6   jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion,
7   ancestry, national origin, disability, medical condition, marital status, or sexual orientation are
8   entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all
9   business establishments of every kind whatsoever." Cal. Civ. Code § 51(b).  To prevail on his
10  disability discrimination claim under the Unruh Civil Rights Act, plaintiff must establish that (1)
11  he was denied the full and equal accommodations, advantages, facilities, privileges, or services
12  in a business establishment; (2) his disability was a motivating factor for this denial; (3)
13  defendants denied plaintiff the full and equal accommodations, advantages, facilities, privileges,
14  or services; and (4) defendants' wrongful conduct caused plaintiff to suffer injury, damage, loss
15  or harm. California Civil Jury Instructions (BAJI), No. 7.92 (Spring 2009).  A plaintiff who
16  establishes a violation of the ADA need not prove intentional discrimination under the Unruh
17  Act.  See Munson v. Del Taco, Inc., 46 Cal.4th 661 (Cal. 2009) (interpreting Cal. Civ. Code
18  § 51(f), which provides "A violation of the right of any individual under the Americans with
19  Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section").
20  Based on the foregoing, the court also finds that plaintiff states a claim under the Unruh Act.
21        Therefore, the court recommends that defendant's motion to dismiss for lack of
22  merit be denied.
23  B.   Ground Two
24        Defendant also seeks dismissal of the complaint as a waste of taxpayers' money.
25  This is not a proper ground for dismissal.  To the extent defendant seeks dismissal on a theory of
26  /////

1  frivolity, the court does not find plaintiff's claims to be frivolous for the reasons stated supra.
2  Thus, the motion to dismiss should be denied on this ground.
3  　　　　　In accordance with the above, IT IS HEREBY RECOMMENDED that
4  defendant's motion to dismiss be denied.
5  　　　　　These findings and recommendations are submitted to the United States District
6  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen
7  days after being served with these findings and recommendations, any party may file written
8  objections with the court and serve a copy on all parties.  Such a document should be captioned
9  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
10 within the specified time may waive the right to appeal the District Court's order.  Turner v.
11 Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
12 DATED: November 7, 2011.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

16 /014;john0021.mtd